IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**WILLIAM A. CARMICKLE**,

Plaintiff,

No. 3:12-cv-01629-MO

v.

OPINION AND ORDER

**COMMISSIONER SOCIAL SECURITY ADMINISTRATION,**

Defendant.

**MOSMAN, J.**,

Plaintiff William Carmickle moves for an award of attorney fees pursuant to 28 U.S.C. § 2412(d), Equal Access to Justice Act, in the amount of $13,921.24. For the reasons stated below, I GRANT Mr. Carmickle's Motion [35] and award $13,921.24 in attorney fees.

**PROCEDURAL BACKGROUND**

In April 2011, the Administrative Law Judge ("ALJ") issued his decision finding that Mr. Carmickle was not disabled. In particular, the ALJ stated "there is no evidence to support a medically determinable mental impairment." (Tr. 26.) After the ALJ reached this finding, Mr. Carmickle submitted new evidence to the Appeals Council and requested review. Among this new evidence was a report by psychologist Dr. Emil Slatick which found that Mr. Carmickle suffered from "specific learning disorders in the area of Written Expression" and had "ongoing difficulties with learning," among other cognitive impairments. (Tr. 356-57.) The Appeals Council determined the new evidence did not provide a basis for changing the ALJ's decision, and in July 2012, it denied Mr. Carmickle's request for review, making the ALJ's decision the Commissioner's final decision.

In September 2012, Mr. Carmickle filed a complaint in this Court, seeking review of the ALJ's final decision. After a hearing on October 22, 2013, this Court affirmed the Commissioner, holding that, in light of problems with Mr. Carmickle's credibility, substantial evidence supported the ALJ's decision despite the new evidence. [26, 32]. Mr. Carmickle appealed this Court's decision, and on March 23, 2016, the Ninth Circuit reversed the Commissioner's decision and remanded for further proceedings so that the ALJ could have the opportunity to address the additional evidence in this case [33].

Subsequent to the Mandate from the Ninth Circuit, Mr. Carmickle filed this Motion pursuant to 28 U.S.C. § 2412(d), Equal Access to Justice Act, seeking an award for attorney fees in the amount of $13,921.24. Mr. Carmickle has assigned all EAJA fee payments to his attorney.

**STANDARD OF REVIEW**

The EAJA sets forth two prerequisites for any award of attorney fees. First, the Court must determine that the claimant was a prevailing party. 28 U.S.C. § 2412(d)(1)(A). Second, after the claimant has prevailed, the Court must make the further finding that the position of the United States of America was not substantially justified and that no special circumstances make an award of fees unjust. *Id.* The burden of demonstrating that the position of the United States—in this case, the Social Security Administration—was substantially justified or that a special circumstance existed rests on the United States. *Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995). The defendant Commissioner must prove four components: for the underlying agency action, substantial justification 1) in fact and 2) in law; and for the litigation position, substantial justification 3) in fact and 4) in law. *Guitierrez v. Barnhart*, 274 F.3d 1255, 1258-59 (9th Cir. 2001). In proving each one of these components, the Commissioner must show that its actions and arguments were justified to a degree that could satisfy a reasonable person. *Id.* at 1258.

## ANALYSIS

Mr. Carmickle is a prevailing party and therefore satisfies the first requirement for an award of attorney fees under EAJA. When a court remands a Social Security case under the fourth sentence of 42 U.S.C. §405(g), that plaintiff is deemed to be a "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993). Accordingly, Mr. Carmickle satisfies this requirement under the EAJA attorney fees provision.

Therefore, the burden shifts to the Commissioner to demonstrate that both the agency's underlying action and the agency's litigation position were substantially justified both in fact and in the law. *Guitierrez*, 274 F.3d at 1258-59. The issues in this case are 1) whether the Commissioner's litigation position that Dr. Slatick's opinion provided no basis for remand was substantially justified in fact and in law; and 2) whether the Commissioner's failure to consider Dr. Slatick's opinion before reaching a final decision was substantially justified in fact and in law. For the reasons stated below, the Commissioner has failed to satisfy its burden in demonstrating that its litigation position and underlying agency action was substantially justified.

### I. Agency's Litigation Position

In response to Mr. Carmickle's complaint, the agency's litigation position was that Dr. Slatick's opinion provided no basis for remand in light of Mr. Carmickle's credibility issues and in light of the discrepancies that Dr. Slatick's opinion created with the record. As to credibility, the Commissioner argued during the October 22, 2013, hearing that Dr. Slatick's opinion appeared to be based on tests within Mr. Carmickle's control and on his own self-reports. The Commissioner also argued Dr. Slatick's results created a number of discrepancies with the record before the ALJ. For example, while Dr. Slatick found Mr. Carmickle was in the first percentile for spelling, a doctor who had examined Mr. Carmickle previously noted he quickly spelled the

word "world" forward and backward with no error. Because of these credibility issues and discrepancies, the Commissioner argues, the agency was substantially justified in arguing before this Court that there was no basis for remand to the ALJ.

The reasons the Commissioner provided for discrediting Dr. Slatick's report do not justify the Commissioner's failure to allow the ALJ to consider the new evidence submitted by Mr. Carmickle. While there might ultimately be reasons to discount Dr. Slatick's report in light of Mr. Carmickle's credibility and in light of the various inconsistencies the report has with the record, asserting these reasons in this Court amounted to post-hoc justifications. Post-hoc justifications for what the agency could have done cannot fill the gaps to make up for reasoning that the agency never articulated on the record. This Court is constrained to review only the reasons for discrediting evidence the ALJ asserts in the record, *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003), and here the ALJ never had the opportunity to assert a reason to discredit Dr. Slatick's opinion on the record. *See also Vasquez v. Astrue*, 572 F.3d 586, 592 (9th Cir. 2009) ("To support a lack of credibility finding, the ALJ was required to point to specific facts in the record . . . .") (citations and quotation omitted).

At the October 22, 2013, hearing, this Court incorrectly engaged in de novo credibility determinations regarding matters beyond the reasoning the Commissioner articulated on the record. While the vulnerabilities of Dr. Slatick's opinion identified by this Court "could be reasonable inferences drawn from the ALJ's summary of the evidence, the credibility determination is exclusively the ALJ's to make." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015). Once Mr. Carmickle submitted the new evidence to the Appeals Council, the agency could no longer simply say that substantial evidence supported the ALJ's decision—this finding had to be determined in relation to the expanded record and therefore should have been

remanded to the ALJ. I therefore find that the agency's litigation position arguing otherwise was not substantially justified.

**II. Underlying Agency Action**

In addition to failing to demonstrate that its litigation position was substantially justified, the agency also fails to demonstrate that its underlying agency action was substantially justified. The Commissioner ultimately offers little in its brief to defend the underlying agency conduct.

The ALJ's decision was based on a finding of "no evidence" of a medically determinable mental impairment. Specifically, the ALJ made the following findings:

> Additionally, although he alleges depression and has a reported a learning disability, there is *no evidence* to support a medically determinable mental impairment. (Tr. 26 (emphasis added).)
>
> Although he alleges depression and has reported a learning disability, there is *no evidence* of these impairments. (Tr. 29 (emphasis added).)

Dr. Slatick's report, which Mr. Carmickle submitted to the Appeals Council, contained various findings regarding Mr. Carmickle's mental impairment limiting Mr. Carmickle's ability to work. For example, Dr. Slatick's report stated:

> William's history of learning difficulties, his verbal-performance IQ discrepancy, the identified processing weakness, and the significant difference between intellectual ability and academic achievement are indicative of the presence of specific learning disorders in the area of Written Expression. This learning disorder, along with the processing difficulty discussed above are likely responsible, at least in part, for his history of academic struggles as well as his ongoing difficulties with learning. (Tr. 356-57.)

Dr. Slatick's report is evidence supporting a medically determinable mental impairment limiting Mr. Carmickle's ability to work. Under *Brewes v. Commissioner of Social Security Administration*, 682 F.3d 1157, 1159-60 (9th Cir. 2012), Dr. Slatick's report became part of the administrative record and under 20 CFR §404.1529(c)(4), the agency was required to consider the new evidence in determining whether Mr. Carmickle's symptoms could reasonably be

accepted as consistent with the larger record and credited as limiting his work capacities. When the Appeals Council declined Mr. Carmickle's request for review without changing the ALJ's decision, it left the "no evidence" finding as part of the Commissioner's final decision. This created a factual inconsistency—there was indeed evidence of a medically determinable mental impairment, it just had not yet been assessed by the ALJ. Furthermore, the underlying agency action was not substantially justified in law because there is no clear indication that the new evidence admitted by the Appeals Council, including Dr. Slatick's report, received consideration consistent with 20 CFR § 404.1529(c)(4). The underlying agency action did not demonstrate conduct that was substantially justified in law and fact, given the ALJ's "no evidence" finding, the new evidence, and the Appeals Council's denial of review of the ALJ's decision. Accordingly, I find that the Commissioner has failed to demonstrate that the underlying agency action was substantially justified.

**III. Award of Attorney Fees**

Because the agency has failed to demonstrate that its litigation position and the underlying agency action were substantially justified in law and in fact, I award Mr. Carmickle attorney fees pursuant to 28 U.S.C. §2412(d). Mr. Carmickle requests $13,921.24 in attorney fees for 73.74 hours spent on this litigation. The EAJA provides for an award of attorney fees not to exceed $125.00 per hour, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Mr. Carmickle contends he should receive a higher hourly fee in this case because of an increase in the cost of living since the implementation of the $125.00 per hour fee under the EAJA. The Commissioner does not appear

to oppose this request. Accordingly, I GRANT Mr. Carmickle's motion [35] and award the full $13,921.24 in attorney fees requested in his motion.

## CONCLUSION

For the forgoing reasons, I GRANT Mr. Carmickle's Motion [35] and award attorney fees pursuant to 28 U.S.C. § 2412(d), Equal Access to Justice Act, in the amount of $13,921.24.

IT IS SO ORDERED.

DATED this __11th__ day of August, 2016.

/s/ Michael W. Mosman_________
MICHAEL W. MOSMAN
Chief United States District Judge